```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS


JAN HOLLOWAY,                        )
                                     )
               Plaintiff,            )
                                     )   CIVIL ACTION
v.                                   )
                                     )   No. 04-1391-MLB-JTR
                                     )
JO ANNE B. BARNHART,                 )
Commissioner of Social Security,     )
                                     )
               Defendant.            )
_____ )
```

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's motion for attorney fees under the Equal Access to Justice Act (hereinafter EAJA) (28 U.S.C. § 2412). The Commissioner argues that her position was substantially justified and a fee award is not proper. The matter has been fully briefed and referred to this court for a report and recommendation. Finding the Commissioner's position substantially justified, the court recommends plaintiff's application (Doc. 20) be denied.

**I.   Background**

Plaintiff was denied disabled adult child benefits in a decision issued by the Commissioner on June 17, 2004. (R. 18-

26).  Subsequently, she sought judicial review and the issue was referred to this court for a recommendation and report. (Doc. 1, 14).  Finding the ALJ erred in failing to discuss portions of a consultative examiner's report which did not support the ALJ's decision, and finding a lack of evidence in the record to support the ALJ's finding that a person of plaintiff's age, education, work experience, and RFC can perform a significant number of unskilled jobs in the economy, this court recommended that the case be remanded for further proceedings.  (Doc. 15, pp. 14, 18).  The District Court agreed and adopted the Report and Recommendation, noting that "the ALJ's Failure to fully discuss [the consultative examiner's] opinion . . . and his failure to consider the opinion of a vocational expert preclude a finding that substantial evidence supports the ALJ's presumptive determination that plaintiff can perform most of the jobs in the applicable RFC level."  (Doc. 18, p. 7).  Plaintiff now seeks award of attorney fees pursuant to the EAJA.  The Commissioner objects to payment of fees, arguing that her position both in the decision and before this court was substantially justified.

**II. Legal Standard**

The EAJA, 28 U.S.C. § 2412(d), provides for an award of attorney fees to a "prevailing party" in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991).[1] "Prevailing party" pursuant to the EAJA includes a plaintiff who secures a sentence four remand reversing the Commissioner's denial of benefits as to "'any significant issue in litigation which achieve[d] some of the benefit ... sought in bringing suit.'" Shalala v. Schaefer, 509 U.S. 292, 302 (1993) (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92 (1989)).

The Commissioner bears the burden to show that her position was "substantially justified." Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995); Estate of Smith, 930 F.2d

---

[1] In relevant part, the EAJA states:

> . . . a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. . . .

28 U.S.C. § 2412(d)(1)(A).

at 1501. The test for substantial justification is one of reasonableness in law and fact. Gilbert, 45 F.3d at 1394.

> The government must therefore show that there is a reasonable basis in truth for the facts alleged in the pleadings; that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced. Dougherty v. Lehman, [711 F.2d 555, 564 (3d Cir. 1983)].
>
> The [substantial justification] standard, however, should not be read to raise a presumption that the Government position was not substantially justified. Nor, in fact, does the standard require the Government to establish that its decision to litigate was based on a substantial probability of prevailing.
> H.R. Rep. No. 1418, 96th Cong. 2d Sess. 10-11 (1980), U.S. Code Cong. & Admin. News 1980, p. 4989-90.

United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1486-87 (10th Cir. 1984); see also, Pierce v. Underwood, 487 U.S. 552, 565 (1988) (approving the "reasonable basis both in law and fact" formulation adopted by the Tenth Circuit in Boned Beef.

**III.     The Commissioner's Position Was Substantially Justified**

The Commissioner claims that the ALJ's decision below and the Commissioner's arguments before this court are reasonable in law and fact and, thus, substantially justified. Plaintiff argues the Commissioner's position is unreasonable because the failure to schedule a vocational expert at the hearing

required exclusive use of the grids which is never proper when there are solely non-exertional impairments, and because the ALJ ignored portions of the consultative examiner's report which did not support his decision.  The court does not agree with the premises upon which plaintiff's argument is based, and finds the Commissioner's position to be reasonable in law and fact.

As plaintiff argues, exclusive use of the grids is never proper when there are solely non-exertional impairments.  Soc. Sec. Ruling (SSR) 85-15, 1983-1991 West's Soc. Sec. Reporting Serv., Rulings, 344 (1992); see also, Gossett v. Bowen, 862 F.2d 802, 806 (10th Cir. 1988)(when non-exertional impairments are present, grids are only a framework to aid determination).  However, contrary to plaintiff's argument, the existence solely of non-exertional impairment does not require the use of a vocational expert.  "[T]he mere presence of a nonexertional impairment does not automatically preclude reliance on the grids.  Conclusive use of the grids is foreclosed only '[t]o the extent that nonexertional impairments further limit the range of jobs available to the [plaintiff].'" Channel v. Heckler, 747 F.2d 577, 583, n.6 (10th Cir. 1984) (quoting Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983)).  Use of a vocational expert is required

-5-

only where plaintiff's nonexertional impairments cause an additional limitation on the range of work available in a particular occupational base <u>and</u> where no other evidence (either in the record or in occupational resources upon which the Commissioner may rely, <u>see</u> 20 C.F.R. § 404.1566(d)) establishes that a significant number of jobs of which plaintiff is capable are available.

Thus, in deciding whether plaintiff's non-exertional impairments limit the range of work available, the ALJ may rely on occupational data provided in various publications such as the <u>Dictionary of Occupational Titles</u> or <u>Occupational Analyses</u>. 20 C.F.R. § 404.1566(d). Moreover, the Commissioner has promulgated rulings which provide information regarding whether certain impairments produce significant limitations on certain ranges of work. <u>E.g.</u>, SSR 96-9p, West's Soc. Sec. Reporting Serv., Rulings 159 (Supp. 2005) ("Postural limitations . . . would not usually erode the occupational base for a full range of unskilled sedentary work."); SSR 83-14, 1983-1991 West's Soc. Sec. Reporting Serv., Rulings 45 (1992) (allergy to ragweed pollen ordinarily has an insignificant effect on the ability to perform sedentary work). In its Report and Recommendation, this court recognized a vocational expert is not required to be utilized

in every case involving solely non-exertional impairments. (Doc. 15, p. 14) ("the failure of the ALJ to either utilize a vocational expert or cite to some other authority to support his finding") (emphasis added).

Here, the ALJ relied upon SSR 85-15 and the consultative examiner's report to determine that the range of unskilled work at all exertion levels was not limited by plaintiff's non-exertional limitations.  (R. 24).  Thus, the failure to schedule a vocational expert for the hearing is no indication that the ALJ's decision was not substantially justified.  In fact, the consultative examiner's report, considered in light of that ruling provides a reasonable basis in fact and law for the decision.  That the court found this basis insufficient, does not mean it was not substantially justified, because a "position can be justified even though it is not correct." Pierce, 487 U.S. at 566 n. 2.

Moreover, the fact that the ALJ did not discuss certain portions of the consultative examiner's report does not require a finding that the Commissioner's position was not substantially justified.  As this court explained in its Report and Recommendation, and as the District Court explained in its order, if one accepts the limitations stated by the consultative examiner, plaintiff is able to perform the broad

-7-

range of unskilled work.  (Doc. 15, p. 10); (Doc. 18, p.6) ("substantial evidence supports the ALJ's presumptive finding that plaintiff has no significant nonexertional impairment that would preclude her from performing unskilled work").  Therefore, the ALJ might reasonably conclude he need not reach the consultative examiner's opinion regarding disability.  The court finds a reasonable basis in law and fact for the Commissioner's position below and in this court.  Therefore, an award of attorney fees is not allowed under the EAJA.

**IT IS THEREFORE RECOMMENDED** that plaintiff's application for attorney fees (Doc. 20) be DENIED.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy.  Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Hill v. SmithKline Beecham Corp.</u>, 393 F.3d 1111, 1114 (10th Cir. 2004).

Dated this 1st day of May 2006, at Wichita, Kansas.

s/John Thomas Reid
**JOHN THOMAS REID**
**United States Magistrate Judge**