IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

JAN HOLLOWAY,                          )
                                       )
                    Plaintiff,         )      **CIVIL ACTION**
                                       )
v.                                     )      No.  04-1391-MLB
                                       )
JO ANNE B. BARNHART, COMMISSIONER      )
OF SOCIAL SECURITY,                    )
                                       )
                    Defendant.         )
_____)


**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

        Before the court are the following:

        (1)  United States Magistrate Judge John Thomas Reid's
             Recommendation and Report (Doc. 24);

        (2)  Plaintiff's objections (Doc. 25); and

        (3)  Defendant's response (Doc. 26).

        Magistrate Judge Reid's May 1, 2006, Recommendation and Report
recommends that plaintiff's application for attorney fees under the
Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, be denied.
Plaintiff has objected to this recommendation on the basis that
defendant should pay attorney's fees since her position was not
substantially justified.   After reviewing the record, the court
declines to adopt the Recommendation and Report of Magistrate Reid.

**II.  STANDARDS OF REVIEW**

        The standards this court must employ upon review of defendant's
objection to the Recommendation and Report are clear.  See generally
28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  First, only those portions
of the Recommendation and Report defendant specifically identified as

objectionable will be reviewed.  <u>See</u> <u>Gettings v. McKune</u>, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).  Second, review of the identified portions is <u>de novo</u>.  Thus, the Recommendation and Report is given no presumptive weight.  <u>See</u> <u>Griego v. Padilla</u>, 64 F.3d 580, 583-84 (10th Cir. 1995).

## III. ANALYSIS

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses, ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  The "position of the United States" includes not only that taken in the civil action but also that action or inaction "by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).  A district court's order remanding a case for additional proceedings constitutes a sentence four remand and makes the plaintiff a prevailing party under the EAJA.  <u>See</u> <u>Goatcher v. Chater</u>, 57 F.3d 980, 980-81 (10th Cir. 1995).

The Supreme Court explained "substantially justified" as "not justified to a high degree, but rather justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person."  <u>Pierce v. Underwood</u>, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed.2d 490 (1988).  This is equivalent to stating that the Commissioner's position must have a "reasonable basis both in law and fact."  <u>Id.</u>  "[A] lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified."  <u>Hadden v. Bowen</u>, 851 F.2d 1266, 1269 (10th Cir. 1988).

The Commissioner bears the burden of proving her position was substantially justified. <u>Gilbert v. Shalala</u>, 45 F.3d 1391, 1394 (10th Cir.), cert. denied, 516 U.S. 806, 116 S. Ct. 49, 133 L. Ed.2d 14 (1995). The reasonableness test has three components: (1) a reasonable basis for factual allegations; (2) a reasonable legal theory; and (3) a reasonable factual support for the legal theory advanced. <u>Gutierrez v. Sullivan</u>, 953 F.2d 579, 585 (10th Cir. 1992). In determining whether the Commissioner was substantially justified, the court should focus on the Commissioner's position on the issues that led to remand. <u>See</u> <u>Ott v. Chater</u>, 106 F.3d 414, 1997 WL 26575, at *2 (10th Cir. Jan. 24, 1997) (citing <u>Flores v. Shalala</u>, 49 F.3d 562, 566 (9th Cir. 1995)).

As set out in its prior order, the court remanded the case for the following reasons:

> <u>Nevertheless</u>, the ALJ's failure to fully discuss Dr. Moeller's opinion that plaintiff is presently disabled and his failure to consider the opinion of a vocational expert preclude a finding that substantial evidence supports the ALJ's presumptive determination that plaintiff can perform most of the jobs in the applicable RFC level. In this regard, SSR 85-15 (cited by the ALJ) <u>requires</u> the ALJ to consider sections 404.1562-404.1568 and 416.962-416.968. The ALJ does not mention these sections and the court will not assume that he considered them.

(Doc. 18 at 7)(footnote omitted).

The regulations do not require the ALJ to use a vocational expert. (Doc. 18 at 4). However, the lack of a vocational expert to support the ALJ's findings coupled with the ALJ's failure to fully discuss the medical opinion and consider sections required by the rulings resulted in the decision to remand. The position by the Commissioner that a vocational expert was unnecessary was not

-3-

unreasonable; however, the Commissioner also maintained that "pursuant to SSR 85-15 and the definitions given in the medical source statement, the ALJ was correct in determining that Plaintiff was capable of performing unskilled work." (Doc. 12 at 7).  While the ALJ may come to the same conclusion on remand, the position by the government was not substantially justified since the ALJ failed to follow SSR 85-15.  See Ott, 1997 WL 26575, at *2 (government's position not substantially justified when the ALJ failed to follow the requirements of the social security regulations)(citing Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993)).

Accordingly, plaintiff's application for attorney's fees pursuant to the EAJA is granted.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

-4-

IT IS SO ORDERED.

Dated this   16th   day of June 2006, at Wichita, Kansas.


s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE